## In re CROUSE.

## In re MATHEWS.

### (District Court, N. D. New York.   May 28, 1912.)

BANKRUPTCY (§ 257*)—SALE OF PROPERTY—EXPEDIENCY—UNDETERMINED INTEREST UNDER WILL.

    Objections to orders of a referee authorizing and confirming the sale of a bankrupt's interest in a fund bequeathed to him by a will overruled where the construction of the will and whether the bankrupt took a vested interest in the fund or a contingent interest which would be defeated by his death within 3 years were doubtful, and would probably be litigated, and where it appeared that the bidders and their counsel were advised of the terms of the will.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 356, 357; Dec. Dig. § 257.*]

---

In Bankruptcy. In the matter of Marlette Crouse, bankrupt. On petition of George A. Mathews to review order of referee confirming a sale of the interest of bankrupt in the estate of Florence M. Crouse under her last will and testament. Affirmed.

Barnum, Wells & Barlow, of Syracuse, N. Y., for petitioner.

W. S. & H. H. Farmer, of Syracuse, N. Y., for trustee.

RAY, District Judge. Florence M. Crouse on her decease left a last will and testament and Marlette Crouse, the bankrupt, is one of the legatees named therein.

The interest of the bankrupt in such estate and under the will was ordered sold by the referee, and was sold on due notice to all creditors and·others concerned. On such sale the petitioner here, George A. Mathews, was represented by his attorneys Frank Kenna of New Haven, Conn., and W. S. Barlow of Syracuse, N. Y., and also by his son. These gentlemen had a certified copy of the will of said Florence M. Crouse in their possession at the time. All questions as to the estate were truthfully answered. There was and is a difference of opinion as to the true construction and meaning of said will. Marlette Crouse is now some 27 years of age, and there was and is a question whether certain legacies are vested or contingent, so that, in the event of the death of the bankrupt before reaching the age of 30 years, his estate or trustee will get no share of a certain fund, etc. The interest of said Marlette Crouse is incumbered to the amount of something over $9,000, and had been appraised in the bankruptcy proceedings at $11,420.42. The holder of this incumbrance has secured itself by an insurance on the life of said·Marlette Crouse at its own expense. The sale was open and fair, and the petitioner made bids for the interest of the bankrupt. The sale was postponed from morning until about 4 p. m. to enable.this petitioner to examine fully into the matter. He knew as much as to the true construction and meaning of the will as did the trustee or referee or any other bidder.

On the sale Mathews bid $3,500 for the right, title, and interest of the bankrupt, and George N. Crouse bid $3,505. Crouse being the highest bidder, such interest was struck down to him. On motion to confirm Mathews objected to such order on the grounds (1) that the notice of sale was erroneous in stating that the interest of the bankrupt in a trust fund of $25,000 was contingent on the bankrupt living to reach the age of thirty years, and in not setting forth properly the incumbrances thereon nor later furnishing proper information in regard thereto; (2) that in "the opinion" of the petitioner the interest of the bankrupt is vested, and not contingent; also that, if the estate is permitted to remain unsettled until the bankrupt reaches the age of 30 years, the estate will be the gainer by some $6,000. This will depend on the construction given the will by the proper courts.

Complaint was made that the bankrupt by submitting to examination offered facilities and·furnished information which enabled· the purchaser to insure the life of such bankrupt. The referee certifies that the petitioner here was offered the same opportunity for examination, etc.

There is no evidence that the trustee willfully or knowingly misrepresented anything. The interest ordered sold by the referee and advertised for sale and sold was the interest under the will, and purchasers had access to the will and every opportunity to examine it, and this petitioner did examine it. He and his counsel seem to have acquiesced in the opinion of the referee and trustee that the interest of the bankrupt was and is contingent, and not vested. It was discretionary with the referee to order this interest sold or hold the settlement of estate until the bankrupt reaches the age of 30 years. I do not see that the referee abused his discretion. It is probable that there will be a suit in equity to construe this will or some of its provisions at some time, and how long it will remain in litigation no one can tell. It may be the suit cannot be maintained until the bankrupt reaches the age of 30 years.

In view of all the circumstances and contingencies and uncertainties, I think the referee acted wisely in ordering and in confirming the sale. This court is not called upon to construe the will. It has no jurisdiction. Its opinion would not bind the Surrogate's Court or Supreme Court.

Order affirmed.